UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MALANI MILLER formerly known as DOMINQUE LEMONS,**<br><br>**Plaintiff,**<br><br>v.<br><br>**CORRECTIONS OFFICER BERRIOS, et al.,**<br><br>**Defendants.** | Civil Action No. 21-9912 (SDW-CLW)<br><br>OPINION |

This matter comes before this Court on the joint motion for summary judgment by Defendants Berrios, Garcia, DeFrancesco, and Grier (collectively "Defendants")[1] (ECF No. 42); Plaintiff's response in opposition (ECF No. 49); Plaintiff's brief in opposition (ECF No. 57); Defendants' memorandum of law in reply (ECF No. 58); Defendants' certification of reliability of electronic inmate grievance system (ECF No. 63); Plaintiff's certification in opposition (ECF No. 64) and Defendants' supplemental brief in response (ECF No. 69). For the reasons discussed below, this Court will grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) ("The Prison Litigation Reform Act" or "PLRA").

I. PROCEDURAL HISTORY

Plaintiff initiated this action on April 23, 2021, by filing a *pro se* prisoner civil rights complaint alleging Defendants used excessive force against her in Essex County Jail on or about May 6, 2020. By opinion and order dated May 15, 2023, this Court granted in part, denied in part,

---

[1] Plaintiff has not served process on Defendant Officer Millin. (ECF No. 5 at 5). Therefore, he has not joined in the Defendants' motion for summary judgment.

1

and reserved in part Defendants' joint motion for summary judgment. (ECF Nos. 61, 62). Pertinent here, this Court gave the parties notice, pursuant to *Paladino v. Newsome*, 885 F.3d 203, 207 (3d Cir. 2018), and *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013), that it will resolve factual disputes regarding Plaintiff's exhaustion of administrative remedies under the PLRA, and this Court permitted the parties to submit additional materials in support of or opposition to summary judgment. (ECF No. 61 at 10). Specifically, this Court directed Defendants to describe the reliability of their administrative remedy recordkeeping system, and directed Plaintiff to: (1) describe approximately when and to whom, if at all, she electronically filed grievances at Essex County Jail regarding the subject matter of her complaint in this matter; (2) explain how she exhausted administrative remedies "to the best of her ability." (*Id.*)

This Court found the following undisputed material facts pertinent to Defendants' joint motion for summary judgment:

> Plaintiff is a convicted state prisoner who was confined in Essex County Jail in Newark, New Jersey from February 20, 2020 until August 14, 2020. (ECF No. 42-9 at 1-2). At all times relevant to the complaint, Defendants were employed as corrections officers [Berrios, Garcia and DeFrancesco] and a sergeant [Grier] at the Essex County Jail, by the County of Essex. (ECF No. 42-8, ¶ 4). Plaintiff filed a complaint on April 23, 2021, alleging claims against Defendants under New Jersey common law, 42 U.S.C. § 1983, and the NJCRA, N.J.S. § 10:6-2 et seq. (ECF No. 1). In the complaint, Plaintiff alleges that on or about May 6, 2020, Defendants used excessive force against her in the D-Pod housing unit in Essex County Jail, by deploying chemical spray against her, slamming her face and body on the concrete floor, and stomping on her leg. (ECF No. 1, ¶¶ 1-3). Sergeant Grier allegedly deployed the chemical spray and then failed to intervene when her subordinates slammed Plaintiff to the ground and stomped on her leg. (*Id.*, ¶ 4.) Plaintiff suffered a physical injury and emotional distress. (*Id.*, ¶¶ 10, 13). As a result of the physical altercation with Defendants, Plaintiff was found guilty of violating prison rules. (ECF Nos. 42-12 at 12, 42-13 at 1). Plaintiff did not file a notice of tort claim in Essex County before filing the complaint. (ECF No. 42-14).

Upon admission to Essex County Jail, all inmates are provided with a copy of "Inmate Handbook & Disciplinary Rulebook" ("Inmate Handbook"). (ECF No. 42-7, ¶ 3 and 42-7 at 1). The Inmate Handbook describes the procedure for inmates to file formal grievances relating to any administrative aspect of the inmate's confinement. (*Id.*) The Inmate Handbook is also accessible on the computer tablets available to inmates at Essex County Jail. (*Id.*, ¶ 4.) There is a two-step process to exhaust administrative remedies. (ECF No. 42-7 at 45-49). The formal grievance process begins when the inmate submits the prescribed grievance form on paper or electronically. (ECF No. 42-7, ¶ 5.) The Grievance Coordinator sends the grievance to the appropriate person to obtain a written response for the inmate. (*Id.*) If the inmate is dissatisfied with the response, the inmate must appeal by submitting a grievance, in paper form or electronically, for a final decision by the warden. (ECF No. 42-6, ¶ 6; ECF No. 42-7 at 45-49). Formal grievances and administrative requests submitted by inmates are documented in a computerized tracking database, referred to as the "Inmate Grievance System" and maintained by the Grievance Coordinator. (*Id.*, ¶ 7). On February 24, 2022, a search was performed of the Inmate Grievance System for all grievance forms and administrative requests submitted by Plaintiff while in Essex County Jail. (*Id.*, ¶ 8.) The search produced nine grievance forms and fifteen administrative requests, none of which related to Plaintiff's altercations with Defendants in May 2020. (*Id.*, ¶ 9; ECF No. 42-6 at 62-85).

In response to the following interrogatory request by Defendant Grier: "[i]dentify and describe all grievances or complaints you filed regarding the incident before the filing of this lawsuit," Plaintiff responded under oath, "[a]ll grievances were submitted electronically and Plaintiff does not have a copy of any such grievances." (ECF No. 42-4, ¶¶ 3-4; ECF No. 42-5 at [53] ¶ [4]). Plaintiff asserts that she exhausted administrative remedies to the best of her ability. (ECF No. 57-1, ¶ 8). Plaintiff was last confined in Essex County Jail on August 14, 2020, and administrative remedies at Essex County Jail are no longer available to her. (*Id.*, ¶ 9.) Plaintiff states she is not pursuing a claim under the New Jersey Tort Claims Act, but rather under the NJCRA and § 1983. (ECF No. 42-4, ¶ 10; ECF No. 57-1, ¶ 10). Sergeant Grier sprayed OC spray on Plaintiff, but Plaintiff is uncertain which defendant stomped on her leg after she was slammed to the ground. Therefore, she is alleging defendants acted in concert and jointly inflicted injuries on her. (ECF No. 57-1, ¶¶ 11, 15). Plaintiff seeks further discovery on the alleged incident of excessive force. (*Id.*, ¶ 16). According to Defendants' records, the incident occurred on May 14, 2020. (ECF

3

>>Nos. 42-9, 42-10, 42-11, 42-12, 42-13). Plaintiff filed the complaint after she was transferred to Edna Mahan Correctional Facility, and she remains incarcerated in that facility. (ECF Nos. 1, 35).

(ECF No. 61 at 4-6).

## II. DISCUSSION

### A. Legal Standard

A court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (quoting *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 580 (3d Cir. 2003) (citing *Fakete v. Aetna, Inc.*, 308 F.3d 335, 337 (3d Cir. 2002) (in turn quoting *Cloverland–Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd.*, 298 F.3d 201, 210 (3d Cir. 2002))). The moving party bears the initial burden of "identifying those portions of the pleadings depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

>"A party asserting that a fact … is genuinely disputed must support the assertion by:
>
>>(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>>(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).  A verified complaint, sworn under oath by a *pro se* plaintiff, "may be treated as an affidavit for purposes of Federal Rule of Civil Procedure 56(e)." *Ziegler v. Eby*, 77 F. App'x 117, 120 (3d Cir. 2003) (citing, *e.g.*, *Reese v. Sparks*, 760 F.2d 64, 67 (3d Cir. 1985)).

If a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion … [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" *Blunt*, 767 F.3d at 265 (citing *Lauren W. v. DeFlaminis*, 480 F.3d 259, 266 (3d Cir. 2007)).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[J]udges may resolve factual disputes relevant to the [PLRA] exhaustion issue without the participation of a jury." *Id.* at 210 (quoting *Small v. Camden County*, 728 F.3d 265, 271 (3d Cir. 2013)).  "[N]otice to the parties and an opportunity to respond are needed before a district court elects to resolve factual disputes regarding exhaustion under *Small*." *Id.* at 211.  A district court must "notify the parties that it will consider exhaustion in its role as a fact finder…." *Id.*  A full evidentiary hearing may not be required, but "a district court must at least provide the parties with an opportunity to submit materials relevant to exhaustion that are not already before it." *Id.*

**B. The parties' sworn statements regarding PLRA exhaustion**

In Plaintiff's response to Defendants' interrogatory concerning PLRA exhaustion, Plaintiff stated she filed all grievances electronically and did not retain a copy.  (ECF No. 42-5 at 53, ¶ 4).

5

Plaintiff also provided a sworn certification that she exhausted administrative remedies to the best of her ability, and she no longer has access to the administrative remedy program at Essex County Jail. (ECF No. 57-1, ¶¶ 8, 9). Defendants submitted the sworn certification of Philip Flor to establish that a search was performed on Essex County Jail's grievance database which revealed that Plaintiff never filed a grievance or appeal in Essex County Jail concerning the subject matter of the complaint. (ECF No. 42-6, ¶¶ 8, 9).

In further support of their joint motion for summary judgment, Defendants submitted the certification of Kerry McCann, Inmate Advocate for Essex County Jail. (ECF No. 63 at 5-6). Mr. McCann certified under oath that he handles requests and/or grievances by inmates at Essex County Jail, which has an electronic tracking system. (*Id.* at 5). He reviewed the electronic system and found no electronic grievances filed by Plaintiff regarding excessive force. (*Id.* at 6). Based on his experience with the electronic system at Essex County Jail, it accurately reflects any and all requests and/or grievances by inmates. (ECF No. 63 at 6). All electronically filed grievances can be found by searching the computer system. (*Id.*)

On June 21, 2023, Plaintiff submitted a certification in opposition to Defendants' motion for summary judgment. (ECF No. 64). She swore, under penalty of perjury, the following facts regarding her exhaustion of administrative remedies. When she was incarcerated at Essex County Jail, inmates were not issued handbooks, and she was never advised of the administrative remedy procedure. (*Id.* ¶¶ 3, 7). Essex County Jail provides a tablet to inmates in the general population to use for filing administrative remedies or grievances. (*Id.*) Plaintiff was deprived of her tablet while she was in disciplinary detention. (*Id.* ¶ 3). Furthermore, she believed the officers working in disciplinary detention would have deliberately interfered with any attempt she made to pursue the administrative remedy process because they thought she had assaulted their coworkers. (*Id.* ¶

6

7).  Plaintiff requested to speak with staff in Internal Affairs about her allegation of excessive force, but Lieutenant Francis told her to keep her mouth shut, and Lieutenant Francis and Sgt. Sowell told her to get her story straight.  She took this as a warning not to pursue the grievance process.  (*Id.* ¶ 5).  Plaintiff was transferred to Edna Mahan Correctional Facility on or about August 23, 2020, and the Essex County Jail grievance procedure was no longer available to her.  (*Id.* ¶ 8).

C.  **The parties' arguments**

This Court granted Defendants' request to file a supplemental brief in response to Plaintiff's opposition to their motion for summary judgment. (Order, ECF No. 66).  Defendants reiterate that Plaintiff responded under oath to an interrogatory request that "[a]ll grievances were submitted electronically and Plaintiff does not have a copy of any such grievances." (ECF No. 69 at 6).  In her supplemental materials in response to Defendants' joint motion for summary judgment, Plaintiff failed to provide details concerning the electronic grievances she referred to in her interrogatory response.  (*Id.* at 7).  Based on the search results of the Jail's grievance system, which produced nine grievance forms and fifteen administrative requests from Plaintiff, none of which were related to the incident alleged in her complaint, and Kerry McCann's certification of the reliability of the Jail's grievance system, Defendants submit they have met their burden to establish Plaintiff's failure to exhaust administrative remedies.  (*Id.* at 7-8).

Defendants further contend that Plaintiff's excuses for failing to exhaust administrative remedies are unavailing.  First, ignorance of a Jail's grievance procedure does not excuse an inmate's failure to exhaust.  In any event, Plaintiff was not ignorant of the procedures because she electronically filed nine grievance forms and fifteen administrative requests. (*Id.* at 9-10).  Second, Plaintiff had access to a tablet after she was released in disciplinary detention on June 12, 2020

7

(citing ECF No. 42-13 at 1), and she filed 10 grievances or administrative requests between June 12, 2020 and August 2020. (*Id.* at 10). The Jail's grievance procedure did not impose a deadline for filing a grievance; therefore, Plaintiff could have filed a grievance concerning the alleged excessive use of force by Defendants after her release from disciplinary detention and before her transfer to prison. (*Id.* at 10-11). Third, Plaintiff's allegation that she was prevented from exhausting administrative remedies because she was intimidated by Lieutenant Francis and Sgt. Sowell is not a sufficient basis to excuse her failure to exhaust. (ECF No. 69 at 14, citing *Rinaldi v. United States*, 904 F.3d 257, 269 (3d Cir. 2018)).

### D. Analysis

The Third Circuit has held that District Courts may resolve factual disputes on the issue of PLRA exhaustion without a jury. *Paladino*, 885 F.3d at 211. This Court has provided the parties with the notice of, and opportunity to respond to the exhaustion issue. Plaintiff submits that she failed to exhaust administrative remedies in this case because she was prevented from doing so.[2] An inmate, before filing a claim under federal law, has a mandatory duty to exhaust "such administrative remedies as are available." *Ross v. Blake*, 578 U.S. 632, 640-42 (2016). "[O]nce the defendant has established that the inmate failed to resort to administrative remedies, the onus falls on the inmate to show that such remedies were unavailable to him." *Hardy v. Shaikh*, 959 F.3d 578, 587 (3d Cir. 2020) (citing *Rinaldi*, 904 F.3d at 268 (citation omitted)). The PLRA exhaustion requirement "hinges on the 'availab[ility]' of administrative remedies: An inmate, that

---

[2] Insofar as Plaintiff may be asserting both that she exhausted administrative remedies by filing electronic grievances, as stated in her response to an interrogatory request, and that administrative remedies were not available to her, this Court finds these inconsistent statements not credible. This Court credits the certification submitted by Defendant, establishing that Essex County Jail's electronic grievance system is accurate and reliable, and that a search of the system demonstrates that Plaintiff failed to exhaust administrative remedies on her excessive force claim. This Court will address whether administrative remedies were available to Plaintiff.

is, must exhaust available remedies, but need not exhaust unavailable ones." *Id.* at 642. For a remedy to be available, it must be capable of use to obtain some relief. *Id.* (internal quotation marks and quotation omitted). An administrative remedy is not capable of use where: (1) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it; and (3) prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. *Id.* at 643-44.

First, Plaintiff submits the administrative remedy program was not available to her because she did not receive an inmate handbook or other instructions on Essex County Jail's administrative remedy procedure. Defendants, however, submitted evidence showing that Plaintiff electronically filed nine grievances and fifteen administrative requests on other issues. Thus, Plaintiff has failed to establish that Essex County Jail's administrative procedure program was "so opaque" that "no ordinary prisoner can discern or navigate it." *Ross*, 578 U.S. at 644.

Second, Plaintiff argues that she was deprived of a tablet needed for filing an electronic administrative remedy request while she was in disciplinary detention for 30 days; and furthermore, she could not exhaust Essex County Jail's administrative remedy procedures after she was transferred to a prison in August 2020. Plaintiff alleged in her complaint that Defendants used excessive force against her on or about May 6, 2020. (ECF No. 1, ¶ 2). Essex County Jail's administrative remedy program does not impose a filing deadline for initiating a grievance. (ECF No. 42-7 at 45-48). Thus, absent a deadline, Plaintiff could have filed a grievance any time before she was transferred to prison. It is undisputed that Plaintiff was confined in disciplinary detention in Essex County Jail without access to a tablet from May 14, 2020 through June 12, 2020. (ECF No. 42-2, ¶ 30). She was released from Essex County Jail on or about August 14, 2020. (*Id.*, ¶

9

32). Therefore, accepting as true Plaintiff's allegation that she could not file a grievance from disciplinary housing because she did not have access to a tablet, the administrative remedy procedure remained available to Plaintiff after she was released from disciplinary detention on June 12, 2020, and before she was transferred to prison in August 2020.

Third, Plaintiff maintains she was thwarted from filing administrative remedies because Lieutenant Francis and Sergeant Sowell intimidated her by telling her to keep her mouth shut and keep her story straight. In *Rinaldi*, the Third Circuit held that "serious threats of substantial retaliation can trigger this third category of unavailability" that the grievance process was "thwarted" by prison administrators. 904 F.3d at 267. The Third Circuit further held that, "[t]o defeat a failure-to-exhaust defense, an inmate must show (1) that the threat was sufficiently serious that it would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." *Id.* at 269. The comments allegedly made by Lieutenant Francis and Sergeant Sowell were not threats of physical harm and would not have caused a reasonable prisoner to fear serious retaliation and bodily harm if she filed a grievance. Plaintiff has not shown that Essex County Jail's administrative remedy process was unavailable to her. This Court will grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies.

## III. FAILURE TO PROSECUTE DEFENDANT MILLIN

This Court, *sua sponte*, takes notice that Plaintiff has not served the summons and complaint on Defendant Millin. (ECF No. 5 at 5). Federal Rule of Civil Procedure 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff

10

> shows good cause for the failure, the court must extend the time for service for an appropriate period.

If Plaintiff fails to show good cause for not timely serving process on Defendant Millin after the first attempt was unsuccessful, this Court will dismiss the claims against Defendant Millin without prejudice. If the federal claims against Defendant Millin are ultimately dismissed, this Court will decline to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(c)(3), over Plaintiff's remaining state law claims under the New Jersey Civil Rights Act, and Plaintiff will be given an opportunity to refile her state law claims in state court.

## IV.     CONCLUSION

For the reasons discussed above, Defendants are entitled to summary judgment on their affirmative defense that Plaintiff failed to exhaust administrative remedies for her federal claims under 42 U.S.C. § 1983. The Court will order Plaintiff to show cause why the claims against Defendant Millin, who has not been served with the summons and complaint, should not be dismissed.

An appropriate Order follows.

_____
Hon. Susan D. Wigenton
United States District Judge
Dated: September 18, 2023